UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x   CIVIL ACTION NO.
SHEET METAL WORKERS' NATIONAL            08 CV 3423 (JS) (MLO)
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE
FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST; INTERNATIONAL TRAINING           CONSENT DECREE
INSTITUTE FOR THE SHEET METAL AND
AIR CONDITIONING INDUSTRY; and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

                    Plaintiffs,

                    -against-

ROBERT PHILLIPS, as an individual,

                    Defendant.
----------------------------------------------------------x

      Plaintiffs, Sheet Metal Workers' National Pension Fund; National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; Sheet Metal Occupational Health Institute and Trust; International Training Institute for the Sheet Metal and Air Conditioning Industry; and National Stabilization Agreement of the Sheet Metal Industry Fund, bring this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs appeared by and through their attorney, Jeffrey S. Dubin

      Defendant, appearing by and through his attorneys, Rubenfeld & Soshnick, agrees to the entry of this Consent Decree, without admission regarding the existence or non-existence of any issue, fact or violation of any law alleged in Plaintiffs' Complaint.

      NOW, THEREFORE, before the taking of any testimony, and without trial or adjudication, the parties hereto agree and stipulate, and it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

I. Jurisdiction

A. The Court has jurisdiction over the subject matter of the claims set forth in this Agreement and over the parties to this Agreement pursuant to, among other authorities, 28 U.S.C.A. §§1331, and 29 U.S.C. § 1132. This Court has personal jurisdiction over defendant, which solely for the purposes of this Agreement, waives all objections and defenses that he may have to the jurisdiction of this Court, including all objections and defenses to the jurisdiction of this Court he may have asserted previously.

B. Defendant further agrees that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of the Consent Decree and for all other purposes.

II. The Parties

A. Plaintiffs are and were employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). Plaintiffs brought this action to enforce the obligations of the defendant to make contributions to these plans and for interest, additional interest, reasonable attorney's fees and costs of action.

B. Defendant, Robert Phillips, is the sole owner of Jersey Street Metal Works, Inc. Jersey Street is and was a corporation, incorporated under the laws of the State of New York. Jersey Street has been doing business in this district within the meaning of 28 U.S.C. § 1391. Defendant, Robert Phillips, resides within this District. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), and 29 U.S.C. § 1132(e)(2).

III. Definitions

THE COURT ORDERS that the following definitions shall be used in interpreting the terms of this Consent Decree:

A. "Effective Date" means the earliest date on which all Parties have signed this Agreement.

B. "Final Approval" means the earliest date on which all of the following have occurred: (1) the Court has approved and entered this Agreement as a judgment, without modification materially adverse to any Party prior to or at the time of approval; and (2) the time for appeal from that judgment has expired without the filing of an appeal, or the judgment has been upheld on appeal and either the time for further appeal has expired without the filing of a further appeal or no further appeal is allowed.

C. "Principal address" means either (1) primary business address, if there is a business address, or (2) primary residential address, if there is no business address.

IV. Effect of Entry of Decree

Upon approval and entry of this Agreement by this Court, this Agreement and Consent Decree constitutes a final judgment between the Plaintiffs, on the one hand, and Defendant, on the other hand, in accordance with its terms.

V. Judgment Terms

It is Ordered, Adjudged and Decreed that Defendant, Robert Phillips, residing at 434 Meadow Road, Kings Park, New York 11754, is indebted to Plaintiffs, Sheet Metal Workers' National Pension Fund; National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; Sheet Metal Occupational Health Institute and Trust; International Training Institute for the Sheet Metal and Air Conditioning Industry; and National Stabilization Agreement of the Sheet Metal Industry Fund, in the amounts of $544,721.74, for delinquent contributions, for the period of November 1, 2007 to October 31, 2008; $25,486.70, in interest due on said delinquent contributions; $108,943.11, in liquidated damages due on said delinquent contributions; attorney's fees of $5,200.00; costs of $570.00, all totaling $684,921.55. It is further Ordered and Adjudged that said judgment shall be entered as a final judgment against Robert Phillips, as an individual, and the Clerk of the Court will be directed to enter such judgment forthwith.

VI. Dismissal of Action

Not later than 15 days after Final Approval, each of the claims asserted in this action by Plaintiffs against Defendant, shall be dismissed with prejudice. Defendant and Plaintiffs shall enter into and execute all Stipulations of Dismissal, with prejudice, necessary to implement the provisions of this paragraph.

VII. Reservations of Rights

A. This Agreement is the result of a compromise and does not constitute an admission of liability by any Party to this Agreement. Except as expressly stated in this Agreement, nothing in this Agreement is intended to affect legally the claims, if any, of any person or entity not a Party to this Agreement.

B. Nothing in this Agreement creates, nor shall it be construed as creating, any claim in favor of any person not a Party to this Agreement.

C. Except as explicitly stated herein, nothing in this Agreement alters, amends, modifies, or, in any way, affects the legal rights and duties of the Plaintiffs, on the one hand, and Defendants, on the other hand, under other agreements.

VIII. Election to Terminate

Any Party may elect to terminate this Agreement if: (a) a final judicial determination is made by any court of competent jurisdiction that this Agreement will not be approved and entered without modification; or (b) such court modifies this Agreement in a manner materially adverse to that Party prior to or contemporaneously with a final judicial determination approving this Agreement as modified. A party electing to terminate this Agreement pursuant to this paragraph must do so within 10 days after an event specified in the preceding sentence, and shall immediately notify the other Parties of such election in writing by hand delivery, facsimile, or overnight mail. Termination of this Agreement by one Party shall effect termination as to all Parties. For purposes of this paragraph, "termination" and "terminate" shall mean the cessation, as of the date of notice of such termination, of any and all rights, obligations, releases, covenants, and indemnities under this Agreement.

IX. Entry of Final Judgment

This Court finds that this Agreement is fundamentally fair, just and reasonable and directs that this consent decree be entered as a final judgment with respect to the claims against Defendant in the pending action between the parties in the United States District Court for the Eastern District of New York, Civil Action Number 08 CV 3423 (JS) (MLO).

X. Miscellaneous

A. This Agreement can be modified only with the express written consent of the Parties to the Agreement and the approval of the Court.

B. Each undersigned representative of a Party to this Agreement certifies that he is fully authorized to enter into the terms and conditions of this Agreement and to execute and legally bind such Party to this Agreement.

IT IS FURTHER ORDERED that in the absence of termination pursuant to Section XIII above, this Consent Decree shall terminate twenty (20) years from the date it is issued.

DATED this 26th day of January, 2009.

/s/ JOANNA SEYBERT
Honorable Joanna Seybert
United States District Judge

PRESENTED BY:

PLAINTIFFS:

_____  1/20/2009
Jeffrey S. Dubin (JD-0446)    (Date)
Attorney for Plaintiffs

DEFENDANT:

_____  1/20/09
Robert Soshnick (RS-2385)    (Date)
Attorney for Defendant